v. Wilkie. Ms. Gentile, please proceed. Thank you, Your Honor. Good morning and may it please the Court. The Veterans Court held that 20.1304A does not apply to remanded appeals from the Board, but it does. 1304A applies once VA triggers it. The trigger is the mailing of notice that an appeal has been certified to the Board, and VA mailed that notice to Mr. Williams. The AOJ knew that 1304A applies before it even triggered it. In June 2016, the AOJ told Mr. Williams his case is ready to certify to the Board of Veterans Appeals, and then four days later, mailed notice to Mr. Williams, mailed that trigger. We have certified your appeal to the Board of Veterans Appeals. And the Board knew that 1304A applies as well, because in July 2016, it sent Mr. Williams a notice letter referencing his rights post-remand under Rule 20.1304. Now, the Veterans Court has held that 1304A applies to post-remand rights. Ms. Gentile, this is Judge Toronto. Can I ask you this question? And I'm puzzled about the following. So, your primary argument is that this regulation applies, and I'm wondering what benefit you get out of that, because you then go on in the next breath to say it applies, but it's invalid. And therefore, the regulation must drop out of guaranteeing you any particular rights, and you would be left with, as far as I can tell, nothing but a due process claim, a constitutional or, I guess, the fair process version of that. And I don't see how you prevail on that, because I don't see a due process or fair process right to present evidence for a given amount of time before the Board, when you had a full right before the RO. Sure, Your Honor. I'm going to try to take this in parts, if you don't mind. The first part of our argument is, as you mentioned, Your Honor, yes, that 1304A does apply to post-remand rights in this case. The second part of our argument, as far as its invalidity, only applies to what we've been calling its limiting language, and that would be the language or until the Board issues its decision, whichever comes sooner. That's the only part of the regulation, Your Honor, that we're arguing is invalid. The rest of it, we do believe to be valid, Your Honor, the full 90-day period of time. Now, we believe that this limiting language is invalid for several reasons, and the VA should not be afforded any deference for that part of the regulation. Now, it's irrational. It promises something, promises a right, and then makes it unobtainable. It makes it possible for VA to make it so that claimants cannot exercise these rights at all. It also allows for arbitrary and capricious action. But most importantly, Your Honor, it's contrary to law. Now, the statutes informing 1304A rights are 7107B, the right to a hearing, 5901 to 5904, the right to representation, and 7105E, the right to consideration of new argument and evidence by the Board. VA has no discretion under these statutes. The statutes don't contain any language affording VA's discretion, and this court in Cook and then more recently, the Veterans Court in Quinn stated that at least for the hearing statute, it makes plain that a right to an opportunity for a hearing is not one that's within the discretion of VA. The VA has no discretion in affording claimants these opportunities, these rights, and the regulation making that statutory right impossible must abuse that discretion. That's the crux of our argument, Your Honor. It's two parts. First, it applies. Second, it's limiting language, Your Honor, is invalid. Where in your brief do you argue that part of the regulation is invalid as contrary to statute and citing statutory provisions? This, Your Honor, was an argument that developed. We did argue that it should not be afforded deference in general for several reasons. As far as the contrary to statute argument that I just mentioned now, that became more evident to us as we were preparing for oral argument, which is why we filed, I believe it was on Thursday, notice that we'd be discussing Cook and Quinn because their relevance became evident to us as we were preparing for oral argument. Quinn, at least, is a fairly recent case. It was published only about a month before the Veterans Court published second opinion in Mr. Williams' case. Now, we do believe that the Veterans Court erred as a matter of law in its harmless error analysis. Mr. Williams made clear that he had evidence to submit during the remainder of his 90-day period. He had 48 more days. The Veterans Court impermissibly speculated that he would not have substantiated his claim during that time. The Veterans Court can't guess at what a claimant would have done had the VA not denied his claim. We know that from Moore, Daniels, Pellegrini, Houston, and the Veterans Court's decision in Clark. So, Your Honors, if I might just take one moment to turn back to Kucherouski. There was another point that I wanted to make as far as what the holding was in Kucherouski and what the Veterans Court opinion in this case was about what Kucherouski meant. Kucherouski is a case about the trigger to 1304A rights. In Kucherouski, the Veterans Court said that the board should look to 1304A for claimants post-remand rights, and it ordered VA to provide remand notice under the parameters set forth in 1304A. So, after Kucherouski, the 90-day letter citing 1304 acts as the functional equivalent of the notice of certification trigger in 1304A. Now, Mr. Williams, and I'll note again, had received not only notice directly from the AOJ that his case was about to be certified in 2016. He received the literal trigger in June 2016, and then he received the functional equivalent of that trigger under Kucherouski in July 2016. Here, the Veterans Court said that Kucherouski didn't apply 1304A remand, but that's not what Kucherouski said. Kucherouski recognized that 1304A applies post-remand, but sometimes remanded appeals were missing the literal trigger, the notice letter. So, it held that the 90-day letter would act as a functional equivalent to trigger the 90-day rights under 1304A in post-remanded appeal. So, after this court holds that 1304A applies to Mr. Williams, we also urge this court to hold that its limiting language is invalid, as I was discussing earlier. And finally, that the Veterans Court erred as a matter of law in its harm with error analysis. So, overall, we urge the court to hold that 1304A applies, its limiting language is invalid, and we hope this court will remand to afford Mr. Williams his full 90-day post-remand right to exercise his rights under Rule 1304A. Can you remind me of something I have forgotten? Did you tell the Veterans Court something about any specific kind of evidence or argument you would have submitted to the board if only you had the full 90 days? Yes, Your Honor. We did do that in our oral argument, and I believe in our motion for reconsideration as well. And what was that evidence, I think? Sure. Oh, yeah. Oh, sure, Your Honor. VA made a 5104 violation. It never properly notified Mr. Williams of a rating decision that had denied his left knee claim. So, because Mr. Williams didn't receive this rating decision, it never became final. He never received notice of that rating decision. And under that, that at least gets Mr. Williams back to a 2004 effective date, if not a 1970 effective date. So, Mr. Williams was at least somewhat prejudiced by that, and he also has arguments under clear and unmistakable error that he wanted to present as well, getting him back to 2004. If the court doesn't have any further questions, I'll just reiterate our conclusion. We do urge this court to hold that 1304A does apply to remanded appeals such as Mr. Williams, and that its limiting language is invalid. And we urge the court to remand to afford Mr. Williams his full 90 days to exercise his post-remand rights under 1304. Thank you, counsel. Let's hear from the government. Thank you, Your Honor. Good morning. May it please the court. The Veterans Court correctly concluded that Section 2304 does not apply to a case returning to the board following a remand. And additionally, correctly concluded that any reference to that finally, and this is an issue that I think has not been addressed just yet, but the Veterans Court did not, and this is an argument that Mr. Williams makes, but the Veterans Court did not opine on the validity of what Mr. Williams called limiting language in Section 2304. The argument that Mr. Williams identifies took place in the context of the Thomas Lehrer analysis about what exactly Mr. Williams was told by the board and whether he in fact had some kind of reliance interest on that information. And at no point did the Veterans Court make any conclusions with respect to the validity of the actual regulation and the limiting language in that regulation. With respect to the applicability of Section 2304, first, I'll direct the court's attention to what Mr. Williams is referring to as the functional equivalent of the notice letter that is supposed to be triggering this language, and this is Appendix 100. This letter from the board explicitly states that the appeal has been returned to the Board of Veterans Appeals and has resumed its place on the docket. It is not a notification that the appeal has been certified, which happens once, and it is not a notification that the records have been transferred. Similarly, the regulatory language confirms that an appeal that has been remanded is not then recertified, but is in fact returned to the board for further appellate process. This is Judge Toronto. I'm trying to understand exactly what lesson you want us to draw from the point you were making about two minutes ago about how indisputably the Veterans Court said it was not deciding the validity of 1304. I think in your brief, you said we are jurisdictionally barred from reaching the question of validity for that reason. I'd like you to put that aside for a minute, but is it your position that if we were to conclude that this regulation did, in fact, apply, we would remand this for the Veterans Court to consider the question? Yes, Your Honor. If the court were to conclude, I think that the regulation applied and that the harmless error analysis was therefore not applicable. Because there has been no determination below about the validity of the regulation, it should be remanded to the Veterans Court to make that determination in the first instance. Okay. Supposing we were to start entertaining the question of the validity of the regulation, which among the challenges that have been presented to validity do you think are out of time under 2401? Your Honor, I think, and it could be that this is sort of a question at this point, but certainly, I think Mr. Williams has conceded that the APA challenge is out of time in his reply brief. Certainly, to the extent that there is some challenge to the rulemaking process itself, that challenge is absolutely out of time. I think to the extent that Mr. Williams is making an as-applied due process challenge, that certainly would not be barred by an APA statute of limitations. I'll note with respect to that point here, there is simply no argument to be made that Mr. Williams did not obtain or receive the process to which he was due or to fair process. As we pointed out in the briefs and as demonstrated in the records, he had the opportunity to present additional evidence and argument before the AOJ when it was remanded. He had opportunity to respond to the SSOC, which he declined to do and indicated that he had no other information or evidence to submit. Then he had the time between when his appeal was returned to the board and when the board issued its decision to insert additional evidence or argument, which he did not do. This is certainly an instance where Mr. Williams has had numerous opportunities to present all of the evidence he chooses to both in the initial tribunal and in the appellate tribunal. Can I just ask you, is this regulation 1304, has it been altered by the regulatory implementation of the Modernization Act? I believe it has, yes. The version that we are discussing was in effect in 2016, but I believe the relevant language is no longer in the current regulation. The current regulation no longer has this perhaps permissible but slightly surprising language about 90 days unless we decide the case before the 90 days elapses language, is that right? I believe that's correct. Although I will be perfectly candid, I haven't studied the recent regulation. It may still contain, I think if I'm calling correctly, I believe the current regulation breaks out the different rights, the hearing rights, the right to add additional evidence, change in representation, and I don't know that the time limits are consistent among those three. But in any case, it doesn't contain the same language connected to all of them. Relatedly, I think it's worth noting that the purpose of this regulation is to encourage an expeditious action of the board. It's meant to be a cutoff point. It is not an honest own, a grant of any particular right. It is simply informing the petitioner of the point at which the petitioner is no longer permitted to present evidence or argument as of right, and at that point, the good cause requirement kicks in. This is simply a rule regarding the submission of evidence, a reasonable procedural requirement that Congress has granted to the VA and that this court has upheld in the past. Unless the court has any further questions, we would ask that the court affirm the Veterans' Court's determination that this regulation does not apply to remands returning from the AOJ to the board and to the extent that it does either remand for the Veterans' Court to make the validity determination of the first instance or uphold this regulation as facially valid and not a violation of due process. Thank you, Ms. Spisak. Thank you. We have some rebuttal time. Please proceed. Thank you, Your Honor. As a threshold matter, I can clear up one of the issues that the court just discussed, which is the current version of Rule 20.1304A, which does refer to a request for change in representation. It reads that a claimant or an appellant or his representative, if any, will be granted a period of 90 days following receipt of a notice of disagreement or up to and including the date the appellate decision is promulgated by the board, whichever comes first. Although it's not verbatim, it still contains that limiting language and enables the board to cut short any ability to exercise that right down to zero days. In practice, Your Honors, we have had this happen. We've had clients that represent several veterans at the agency level. We have had clients who have actually received their board denial before they received their 90-day letter because they were only created seven days apart from each other. Now, as for the validity determination that the Veterans Court made as to the limiting language of 1304A, the Veterans Court's harmless error analysis depended upon the Veterans Court's holding that that limiting language is valid. Now, since the Veterans Court held that Mr. Williams was not harmed in thinking that he had 90 days, it was because the Veterans Court believed that he didn't have 90 days. He only had until the board made a decision. Now, even if I'm wrong about that, under Smith v. West, this court has jurisdiction to address that issue. Avoidance of an issue by the Veterans Court when an issue is raised below does not deprive the appellant of the right to raise that issue again at the federal circuit. Now, I also want to highlight that we've repeatedly heard the secretary ignore the effect of the June 2016 and July 2016 notice letters that they sent to Mr. Williams. The June 2016... Can I just interrupt you before your time runs out? I guess I was remembering the harmless error piece of the Veterans Court decision to say, in effect, we conclude that you haven't made a showing that you would have put on the evidence you now point to at the oral argument, and we conclude that because you had ample opportunity to do it before and you didn't. That harmless error analysis, if that's in fact what the Veterans Court said, doesn't depend on an assumption of validity of 1304. Sure. I believe we mentioned this in briefing and in oral argument as well, but Mr. Williams acted rationally and in his best possible interest when he did not respond to the SSOC, or I will say more clearly, when the SSOC said he had nothing to add to the AOJ at the SSOC response phase. And that's because Mr. Williams wanted to get out of the SSOC SSOC hamster wheel. Now, I'll also highlight that in 2013, Mr. Williams' case was certified to the board. He said the same exact thing in the SSOC response period as his BSO said in 2016. Then he received a 90-day letter. Then he submitted evidence directly to the board. The board allowed him his right to exercise, to submit new evidence directly to the board in 2013. Mr. Williams had every reason to expect that the board was going to act consistently with its own history in Mr. Williams' appeal in 2016. Now, it is also important that when a claimant is trying to substantiate his claim as best he can, he or she speaks directly to the tribunal that's about to make that decision. And the board is populated by two attorneys. Now, that would be the first time at that level that Mr. Williams would have been presenting his best possible evidence or argument directly to the attorneys who are about to make a final decision on his case. So, that's why Mr. Williams would not respond at the SSOC phase. It would both speed the adjudication of his claim and allow him to present his evidence and argument to the best possible party. As far as the Secretary's argument that the limiting language is valid because it allows for expeditious treatment, this is also something we raised at the Veterans Court. Expedition does not mean a denial as quick as possible. Expedition means that the claimants who should be afforded their rights are afforded them and that justice is done. So, there can't be an argument that it is in a claimant's best interest that VA denies quickly. There can only be an argument that the board acts as quickly as possible after affording a claimant his or her full rights under 90 days and makes a decision after that. If your honors have any more questions, I'd be happy to address them. Thank both counsel for their argument. The case is taken under submission. Thank you, Your Honor. Thank you. Your Honor, the court is adjourned until tomorrow morning at 10 a.m.